Argued and submitted August 29, remanded for resentencing; otherwise affirmed
November 28, 1990

STATE OF OREGON,
*Respondent,*

*v.*

DANIEL GRAFF,
*Appellant.*

(8811-37435; CA A62452)

801 P2d 140

Laura Graser, Portland, argued the cause and filed the brief for appellant.

Keith Wingfield, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

**RIGGS, J.**

Defendant was convicted after a jury trial of assault in the third degree. ORS 163.165. He assigns error to the trial court's order requiring him to pay restitution. We remand for resentencing.

Defendant and another man assaulted Nelson, who lost an eye as a result of the crime. Defendant's sentence was suspended, and he was placed on probation for five years. The state did not have restitution information available at the August 7, 1989, sentencing hearing, and it requested that another hearing be set.[1] The court ruled that defendant would be "jointly and severally responsible for full restitution when a figure has been resolved." The restitution hearing was held on September 15, 1989. Although there was a discussion of a "restitution form," no such document was put in the record. The judge ordered defendant to pay restitution in the amount of $3,230.17, "when I'm given an appropriate restitution sheet indicating the victim's name."

Final judgment was entered on September 28, 1989. The judgment provided:

"When the court is forwarded a restitution form indicating the victim's name and assignment, if any, restitution should be paid at the rate of $100 per month, beginning November 1, 1989."

An amended judgment was entered on October 10, 1989. It added "Adult and Family Services, 3rd Party Recovery" and "AA Ambulance" in the area of the form headed "Restitution to be paid to."

Defendant does not dispute that he owes restitution. Instead, he argues that the trial court erred in ordering him to pay restitution to AFSD without a showing that the agency is

---

[1] The presentence investigation report said that a Project Repay staff member was currently working on restitution and that a "complete restitution report will be submitted to the court at the time of sentencing." It also said, "Mr. Nelson said his medical bills thus far at Emanuel Hospital are in excess of $10,000. * * * All of Mr. Nelson's medical bills at Emanuel Hospital remain unpaid/outstanding."

a "victim" that sustained "pecuniary damages," as defined by ORS 137.103(2) and (4).[2]

The problem is more basic than that. Before a trial court can order restitution to a victim, ORS 137.106(1) requires that there be "evidence of the nature and amount of [the] damages" resulting from the defendant's criminal activities. The record contains no evidence of the damages sustained by the victim or even evidence of who the victim was. There is no testimony or documentation in the record[3] to support the amount of restitution ordered or to indicate to whom it should be paid. Therefore, ordering restitution was improper.

Remanded for resentencing; otherwise affirmed.

---

[2] Defendant also argues that the state made an inadequate showing of his ability to pay. We conclude that the information available from the August sentencing hearing about defendant's income was sufficient evidence about his economic circumstances for the court to have determined that he was able to pay restitution. Defendant does not claim that his financial situation was different five weeks later in September.

[3] Defendant's brief states that the August 29, 1989, Project Repay sheet that was in a file in the trial judge's chambers that listed AFSD and AA Ambulance as victims with damages, "is probably the sheet which is discussed during the restitution hearing." That document is not part of the record. Also, the Project Repay staff member who informed the court that AFSD was to be paid $2,678.92 for a third party recovery was not sworn, and the court's discussion with her was not on the record.